**CLIFFORD CROOKE, Petitioner**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF PLANNING AND NATURAL RESOURCES AND PUBLIC EMPLOYEES RELATIONS BOARD, Respondents**

Civil No. ST-01-CV-0000452

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

August 21, 2007

PEDRO K. WILLIAMS, ESQ., Law Offices of Pedro K. Williams, St. Thomas, Virgin Islands, *Attorney for the Petitioner*.

RICHARD T. EVANGELISTA, ESQ., Public Employees Relations Board, St. Croix, Virgin Islands, *Attorney for the Respondent*.

JOEL H. FELD, ESQ., V.I. Department of Justice, St. Thomas, Virgin Islands, *Attorney for the Respondent*.

HOLLAR, *Judge*

## MEMORANDUM OPINION

(August 21, 2007)

This matter is before the Court on an "action for writ of review"[1] filed by Clifford Crooke ("Petitioner") seeking a review of the Decision and Order by the Public Employees Relations Board ("PERB") dated July 26, 2001. In case No. PERB-GSA-01-09, PERB dismissed Petitioner's appeal of his termination of employment due to lack of jurisdiction citing V.I. CODE ANN. tit. 3, § 530. The Petitioner claims, *inter alia,* that he was a regular, classified employee, who filed a timely appeal after his termination, and thereby invoked PERB jurisdiction over this matter. In its Reply (*sic*) to Petitioner's Brief, dated September 30, 2003, the

---

[1] The appropriate caption should be a <u>Petition for a Writ of Review</u>. Petitioner also erroneously filed a summons. Because a Petition for Writ of Review is a review of an administrative decision and order and not the institution of a civil action, no summons is warranted.

Respondent, PERB, argues that despite Petitioner's claim to the contrary, an *election* to the classified service is not the equivalent to an *appointment* to the classified service. *A fortiori,* Petitioner could not be deemed a "regular employee" for purposes of V.I. CODE ANN. tit. 3, § 530. Furthermore, in Government's Reply (*sic*) to Petitioner's Brief, dated October 3, 2003, Respondent, Department of Planning and Natural Resources, likewise argues that Petitioner's election to the classified service does not automatically grant him the status of a regular employee for purposes of PERB's § 530 jurisdiction. For reasons that follow, the petition for writ of review is granted.

## I. FACTS[2]

Petitioner was appointed to a position in the Department of Housing, Parks and Recreation ("DHPR") as Assistant Commissioner, an exempt unclassified position, pursuant to V.I. CODE ANN. tit. 3, § 451a(b)(1). He held this position until <u>March 11, 1997,</u> at which time he was transferred from his position with DHPR to Pesticides Administrator with the Department of Planning and Natural Resources ("DPNR") which was listed on the Notice of Personnel Action ("NOPA") as an exempt position but later found by PERB to be classified. In this capacity, Petitioner neither engaged in policy-making nor held a confidential relationship[3] with the Commissioner or Assistant Commissioner. Two years later, believing that the position remained exempt, Petitioner wrote to the Director of Personnel, in a letter dated April 6, 1999, requesting a reclassification from an exempt employee classification to the status of a classified employee pursuant to V.I. CODE ANN. tit. 3, § 498[4]. Then a year later, on August 30, 2000, after § 498 was repealed, the Director for the Division of Personnel responded to Petitioner's letter by requesting additional information due to the time lapse since the original request. Prior to this response, in a letter dated May 8, 2000, the Chief Negotiator for the Office of Collective Bargaining recommended to the then Governor Petitioner's termination. Thereafter, on May 12, 2001,

---

[2]  Most of the facts are derived from PERB's Decision and Order. This Court will not disturb PERB's findings of facts, as long as they are supported by substantial evidence in the record as per V.I. CODE ANN. tit. 3, § 530a(b).

[3]  *See* V.I. CODE ANN. tit. 3, § 451a(b)(8) at n. 11.

[4]  V.I. CODE ANN. tit. 3, § 498 was repealed May 19, 2000, Act No. 6348. *See* 2000 V.I. Sess. Laws page no. 22.

Petitioner received a termination letter dated March 14, 2001 signed by the then Governor.[5]

## II. PROCEDURAL HISTORY

On May 16, 2001, Petitioner filed an appeal of his termination pursuant to V.I. CODE ANN. tit. 3, § 530 with the PERB. On May 18, 2001, PERB issued a Notice of Hearing for June 5, 2001. The hearing began on June 5, 2001 and was continued on June 29, 2001. Meanwhile, Respondent DPNR filed a Motion to Dismiss, dated June 13, 2001, based on lack of jurisdiction. By Decision and Order dated July 26, 2001, PERB dismissed Petitioner's appeal for lack of jurisdiction. The instant "action for writ of review" was filed on August 29, 2001.

## III. JURISDICTION

This matter is brought pursuant to V.I. CODE ANN. tit. 3, § 530a[6], which gives a party the right to appeal a final order of the PERB issued under § 530, within thirty (30) days of said Order, to the Superior Court

---

[5] The letters dated May 8, 2000 and August 30, 2000 were not presented at the initial appeal. However, because these letters were from Government representatives, they are crucial in assessing certain issues relevant to the instant Petition, and thus will be considered.

[6] V.I. CODE ANN. tit. 3, § 530a reads:

(a) Any party aggrieved by any final order of the PERB issued under Section 530 or 531 of this chapter, may appeal to the Superior Court of the Virgin Islands. An application for review must be filed within 30 days after the date of the Final Order and name the PERB as a party respondent. The rules of procedure of the Superior Court regarding a writ of review shall govern the appeal proceeding. An application not filed in a timely manner shall entitle the prevailing party or PERB to summary judgment enforcing the final order of the PERB.

(b) In a review by appeal under this section, all questions of fact determined by the PERB shall be conclusive, if supported by substantial evidence in the record considered as a whole. No objection not made before the PERB shall be considered in a review by the Superior Court, unless the failure to make the objection is excused by the court because of extraordinary circumstances.

(c) In reviewing a final order of the PERB, the court may enforce the order, modify the order and enforce it, set the order aside, or return the matter to the PERB with instructions for further proceeding not inconsistent with this chapter.

(d) The District Court of the Virgin Islands shall have appellate jurisdiction of any decision of the Superior Court made pursuant to this chapter, unless otherwise provided by law.

via a <u>petition</u> for writ of review[7]. The Court's authority to review a decision derives from V.I. CODE ANN. tit. 5, § 1421[8]; and the Court's limited grounds to issue a writ comes under V.I. CODE ANN. tit. 5, § 1422[9]. The procedure for granting a writ is governed by SUPER. CT. R. 15(a)[10].

## IV. ANALYSIS

The pivotal issue to be determined by the Court is whether PERB has jurisdiction to hear an employee's appeal of his termination pursuant to V.I. CODE ANN. tit. 3, § 530 if his NOPA listed his position as being "exempt."

### Under the Virgin Islands Personnel Merit System, certain applicable provisions allow an otherwise "exempt" employee to appeal his termination to PERB under V.I. CODE ANN. tit. 3 § 530.

---

[7]   The Court is also vested with the authority to review final PERB orders pursuant to V.I. CODE ANN. tit. 24, § 380. However, § 380 only applies when an action is brought under and PERB issues a final order pursuant to V.I. CODE ANN. tit. 24, § 379, which concerns actions brought for purposes of PERB administration, collective bargaining and unfair labor practices. Therefore, § 380 is inapplicable in the instant matter as the Petitioner is appealing his termination of employment pursuant to V.I. CODE ANN. tit. 3, § 530.

[8]   V.I. CODE ANN. tit. 5, § 1421 reads:

Any party to any proceeding before or by any officer, board, commission, authority, or tribunal may have the decision or determination thereof reviewed for errors therein as prescribed in this chapter and rules of court. Upon the review, the Court may review any intermediate order involving the merits necessarily affecting the decision or determination sought to be reviewed.

[9]   V.I. CODE ANN. tit. 5, § 1422 reads:

The writ of review shall be allowed where there is no appeal or other plain speedy, and adequate remedy, and where the officer, board, commission, authority, or tribunal in the exercise of his or its functions appears to have exercised such functions erroneously, or to have exceeded his or its jurisdiction, to the injury of some substantial right of plaintiff.

[10]   Rule 15. Writs of Review

(a) A writ of review may be granted by the Court upon the petition of any person aggrieved by the decision or determination of an officer, board, commission, authority or tribunal. Such petition shall be filed within 30 days after the date of the decision or determination complained of and shall recite such decision or determination and set forth the errors alleged to have been committed therein. The petition shall be signed by the petitioner or his attorney, and shall be accompanied by the certificate of the attorney that he has examined the process or proceedings and the decision or determination therein sought to be reviewed, that the same is in his opinion erroneous and that the petition is not filed for delay.

A review of PERB's Order dismissing the Petitioner's appeal warrants a systematic breakdown of the Virgin Islands Personnel Merit System, specifically the statutory scheme and the relevant case-law.

## A. Virgin Islands' Personnel Merit Statutory Scheme

Under V.I. CODE ANN. tit. 3, § 530 a regular employee or an employee who is not on contract, is not temporary, and is not on probation, who has been dismissed, demoted or suspended for cause has the right to appeal such decision to the PERB. Under V.I. CODE ANN. tit. 3, § 451, a regular employee is defined as "an employee who has been appointed to a position in the classified service in accordance with this chapter after completing his working test period." Pursuant to V.I. CODE ANN. tit. 3, § 521, "all appointments and promotions to positions in the classified service shall be made on the basis of merit and fitness, to be ascertained by competitive examinations," unless otherwise provided for by law. The procedure for certification of eligibility and appointment from a list is outlined in V.I. CODE ANN. tit. 3, § 526, which states, *inter alia,* that once a department head seeks to fill a vacancy, the Director of Personnel is shown the position and the requisite duties, who will then certify a list of three eligible people, one of whom who will be appointed by the Governor. Thereafter, as mandated by V.I. CODE ANN. tit. 3, § 527, all individuals appointed to the classified service shall serve a "probationary period or working test before being given a status as a regular employee."

In the case *sub judice,* the discrepancy between Petitioner's contentions and the findings of facts by the PERB revolve around whether Petitioner is considered a "regular employee." Section 451a outlines which government positions within the three respective branches are within the career service and those which are specifically exempted.[11] The catch-all provision contained within 451a(b)(8) was intended to cover

---

[11]  V.I. CODE ANN. tit. 3, § 451a reads:
> (a) The Government Service includes the career service and the positions exempted from the career service.
> (b) The exempt positions are those of—
>> (1)  department heads, Assistant Commissioners and Deputy Commissioners and members of boards, commissions or other bodies appointed by the Governor;
>> (2)  members and the staff of the Legislature, officers elected by popular vote, and persons appointed to fill vacancies in elective offices;

those Executive branch employees who fall outside the confines of the enumerated exemptions. Moreover, the Legislature has provided for a specific directive aimed at Executive Branch employees. Those employees are either classified or within the career service. Interestingly, "the terms 'career service' and 'exempt service' are intended to be synonymous with the terms 'classified service' and unclassified service' respectively." V.I. CODE ANN. tit. 3, § 451a(d). From a plain reading of the relevant provisions, employees of the Legislative and Judicial Branches are, for all relevant purposes herein, specifically exempted. However, the Court does not reach the issues related to employees of those respective branches, because Petitioner, was an employee within the Executive Branch at the time of his termination.[12] In the case under consideration and review, PERB found, contrary to law, that Mr. Crooke was somehow in the classified service but not a career service employee, and as such dismissed the Petitioner's appeal.

---

(3)   Judges of the Municipal Courts and employees of the Judicial Branch;

(4)   patients and inmates employed in government institutions;

(5)   Casual labor hired on an hourly basis for not more than 40 hours in any one quarter and as specifically authorized by law; part-time labor for less than 20 hours per week for not more than six-months; trainees for not more than one six-month period; and persons employed for less than six months in professional, scientific or other similar capacity on temporary projects, inquiries, investigations or examinations;

(6)   employees located outside the Virgin Islands;

(7)   employees of the—

(i) University of the Virgin Islands;

(ii) Virgin Islands Water and Power Authority; and

(iii) Virgin Islands Port Authority; and

(8)   an officer or employee in a position of a policy-determining nature when the position is so designated by the Governor and submitted to the Legislature; and an employee who is a special assistant, or who is on special assignment to, or whose position requires a confidential relationship with a policy-making official when the position is so designated by the Governor and submitted to the Legislature.

(c) All positions in the Executive Branch of the Virgin Islands Government not exempted under subsection (b) of this section shall be in the career service.

(d) The terms 'career service' and 'exempt service' are intended to be synonymous with the terms 'classified service' and 'unclassified service', respectively, as heretofore used in this Code.

[12]   DPNR is an Executive Branch agency of the V.I. Government. *See* V.I. CODE ANN. tit., 3, § 400(a).

Notwithstanding the foregoing, at the time Petitioner came into employment with DPNR, V.I. CODE ANN. tit. 3, § 498[13] was in effect allowing unclassified or temporary employees to elect, after satisfying the necessary requirements, to become classified. That provision was subsequently repealed, but Petitioner had pursued this type of election via letter to the Director of Personnel when the statute was valid with a subsequent response dated August 30, 2000. The Director of Personnel however, *failed to respond in accordance within the ten (10) day time limitation set forth in the statute* and the response that was sent a year later merely requested additional documentation without confirming or denying Petitioner's election to the classified service.

■ Furthermore, much reliance is placed on the fact that Mr. Crooke did not take an examination, was not a member of an eligibility list from which the Director of Personnel could nominate and send to the Governor

---

[13]   V.I. CODE ANN. tit. 3, § 498 reads:

(a) Any executive branch employee in an unclassified or temporary position who has been employed by the Government as an unclassified or temporary employee for at least two consecutive years and who satisfies the minimum qualifications for the permanent position may elect to become a member of the classified service; provided, however, that the requirements for tenure for teachers in the Department of Education as set forth in subsection (j) of section 121, chapter 11, Title 17 of this Code shall apply.

(b) Such election must be made in writing to the Director of Personnel within 90 days after reaching two years tenure. The Director shall, within 10 days after the date upon which such employee is entitled to make an election pursuant to subsection (a) of this section, notify such individual of his right to make the election.

(c) An unclassified or temporary employee who elects to become a member of the classified service shall have all rights and privileges of a classified employee without prejudice due to such election. The position held by the unclassified or temporary employee shall be deemed classified upon the making of the election. No such employee shall have his compensation reduced due to such election.

(d) The provisions of this section shall not apply to those employees in the unclassified service pursuant to the provisions of Title 3, section 491, subsection (b), Virgin Islands Code.

(e) Notwithstanding any provision of law, any employee of the Government whose position is funded, in whole or in part, either directly or indirectly, by funds of the federal government, who elects to become a member of the classified service pursuant to this section, shall do so subject to the condition of the availability of such funding. Such condition shall be prominently and legibly placed on all Notices of Personnel Action (NOPA) subject thereto. In addition any employee covered by this subsection shall as a condition of employment sign an "Acknowledgment of Condition of Employment" furnished by the Director of Personnel stipulating that such employee's position is subject to the continued availability of federal funds.

for appointment, and did not undergo a probationary or working test period. Thus, Respondents argue that although Mr. Crooke may be considered in the classified service, he is not a regular employee as previously defined. This argument however must fail for a number of reasons. Preliminarily, the nomination, appointment and probationary provisions set up within the Personnel Merit System under V.I. CODE ANN. tit. 3, §§ 521-529, cover direct appointments and promotions to the classified service. In fact, § 521 contains an <u>explicit waiver</u> from the appointment and promotion process, <u>when "otherwise provided by law."</u> In this case, Mr. Crooke was not a direct appointee, because he elected, pursuant to § 498 to become a member of the classified service and at the time of Mr. Crooke's election, § 498 was in fact the specific law which authorized waiver from the procedure set forth in § 521. Secondly, § 498(c) clearly intended for those who "elected" to become classified, to enjoy all the rights and privileges thereunto as an appointee. *See* n.13. Therefore, the arguments advanced by both Respondents that Mr. Crooke was in the classified service but was not a regular employee "flies in the face of" the plain, unambiguous intent of the Legislature. Moreover, the fact that the statute was repealed on May 19, 2000, for reasons not disclosed in the legislative record, does not alter the result herein, since the statute was in full force and effect at the time of Mr. Crooke's election on April 6, 1999. Third, simply because Mr. Crooke never went through any probationary period does not render Mr. Crooke's status of a regular employee null and void. Under 3 V.I. CODE R. § 452-161[14], particularly subsection (b), Mr. Crooke well-exceeded the probational period

---

[14]   § 452-161. Objective and duration of probational period

(a) Objective. The probational period or working test shall be regarded as an integral party of the examination process and shall be utilized for closely observing the employee's work, for securing the most effective adjustment of the new employee to his position, and for rejecting any employee whose performance does not meet the required work standards.

(b) Duration of probational period. The minimum probational period shall be not less than two months in the case of appointment from a reemployment list and not less than three months in the case of appointment from an employment or promotional list. The maximum length of the probational period shall be twelve months; provided that if a department head requests an extension of the established probational period prior to 15 days before the expiration of a probation period, the Director may approve the extension of the probational period up to a total of 24 months from the original date of appointment. The length of the probational periods for each class in the classification plan shall

54

prescribed, since more than two years had passed prior to his election into the classified service. Furthermore, it is a *non sequitur* that Mr. Crooke did not satisfy a specific probationary period, since he *de facto* completed the maximum length of probation allowed by the regulations. Finally, pursuant to § 498, Petitioner could only elect to become classified after two years of working in that job capacity. That two (2) year period in essence exceeded the maximum "working test" period, which is no more than twelve months. Ergo, no legal impediment existed to prevent Petitioner from becoming a member of the classified, career service.

## B. The Third Circuit's Approach

In *Richardson v. Felix*, 856 F.2d 505 (3d Cir. 1988), the Third Circuit Court of Appeals held that for purposes of the due process clause of the Fourteenth Amendment, "one who has been dismissed from public employment must make two showings to establish that the dismissal violated due process: (1) that the dismissal deprived him of a property or liberty interest; and (2) that the employer did not afford him adequate procedural protections in connection with the action." *Richardson*, 856 F.2d at 507. The property interests afforded a Virgin Islands Government employee derives from and are defined by rules, regulations, and statutes providing certain benefits and entitlements. *See Richardson*, 856 F.2d at 507-508. The analysis in *Richardson* focused specifically on §§ 451a and 530 of Title 3, in ascertaining legislative intent regarding an employee's status or classification. *See id.* The legislative scheme set up a classification system where there are two categories of employees, those that are in the career/classified service and those in the exempt/unclassified service. *See id.* at 508; see also, n.11. A further breakdown, characterizes career/classified service as either a regular or a probationary employee. *See Richardson*, 856 F.2d at 509. In applying the principles in *Richardson* to the case at bar, clearly Petitioner Crooke can avail himself of § 530, because he is a regular employee within the meaning of the statute and he completed more than the probational period

---

be determined by the Director, after consultation with the department heads concerned, within the limits prescribed herein.

required by law. *See generally Richardson*, 856 F.2d at 509 ("the maximum length of an employee's probational period shall be no more than twelve months"). Therefore, Petitioner, at the time of his termination, was a regular employee having "standing" to seek redress under § 530. In reviewing a similar action under this statute, the *Richardson* Court held that, "section 530 does not explicitly state that regular employees may be terminated *only* for cause, but that is its plain meaning. This section prescribes detailed procedures that the Government must follow when terminating regular employees for cause," thus bestowing upon Petitioner a property interest in his continued public employment. *Richardson*, 856 F.2d at 507-509. Accordingly, in dismissing Petitioner's appeal for lack of jurisdiction, PERB essentially denied him due process rights guaranteed by the U.S. Constitution as it applies in the Virgin Islands through the Revised Organic Act of 1954, as amended.

## V. CONCLUSION

The Legislature simply could not have intended that on the one hand all the rights and privileges of an appointed-classified employee were to be vested to a non-appointed but elected-classified employee, and then on the other hand deprive said employee the status of a regular employee. That would essentially leave one without an employment status (i.e. regular or temporary) and without recourse to challenge decisions affecting a vested property interest, to wit: continued public employment. Therefore, the Court finds that Petitioner, Clifford Crooke, is a regular classified employee, who made a timely election in 1999 for that status pursuant to the then current, now repealed, V.I. CODE ANN. tit. 3, § 498. The Director of Personnel failed to respond to the election within the period provided by law. The Petitioner was not occupying a policy making or confidential position and Petitioner completed the required probationary period. Thus, PERB has jurisdiction to hear the merits of Petitioner's appeal. Accordingly, the Petition for Writ of Review is granted and this matter is remanded to PERB for a full hearing on the merits of Petitioner's appeal. An appropriate order follows.